IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRANDON DODD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| | ) |
| CITY OF MILFORD, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1. Plaintiff, Brandon Dodd ("Plaintiff" or "Dodd"), files this action against Defendant City of Milford, ("Defendant" or "Milford") for violations of the Americans with Disabilities Act of 1990 ("ADA") including changes made by the ADA Amendments Act of 2008 which became effective on January 1, 2009, and the Delaware Persons with Disabilities Employment Protections Act.

### NATURE OF THE ACTION

2. Defendant employed Plaintiff from February 17, 2015, until his wrongful termination on August 23, 2017.

3. Defendant engaged in disability discrimination and wrongfully discriminated against Plaintiff by virtue of his perceived disability in violation of the Americans with Disabilities Act and the Delaware Persons with Disabilities Employment Protections Act.

### JURISDICTION

4. This Court has federal question jurisdiction over this cause of action pursuant to 28 U.S. Code § 1331.

5. This Court has supplemental jurisdiction over all state causes of action pursuant to 28 U.S.C. §1367.

6. Venue is proper in this district pursuant to 29 U.S.C. § 1331, as well as 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiff is a resident of Milford, Delaware, who at all times relevant to this Complaint was an employee of the City of Milford.

8. Defendant City of Milford ("Defendant Milford") is a municipal government existing under the laws of the State of Delaware pursuant to Milford City Code Art. III § 3.01.

## ADMINISTRATIVE PROCESS

9. On April 19, 2018, Plaintiff filed a timely Charge of Discrimination with the Delaware Department of Labor ("DDOL") alleging disability discrimination against Defendant City of Milford.

10. On June 24, 2020, Plaintiff received a "Final Determination and Right to Sue Notice" from the DDOL. *See Exhibit A*.

11. On September 28, 2020, Plaintiff received Notice of Right to Sue from the Equal Employment Opportunity Commission. *See Exhibit B*.

12. Plaintiff has filed this action under the Americans with Disabilities Act and the Delaware Persons with Disabilities in Employment Protections Act within ninety (90) days after receipt of his Right to Sue Notice from the EEOC.

13. Plaintiff has satisfied all statutory prerequisites for filing this action.

## FACTUAL ALLEGATIONS

**Plaintiff's Employment with the City of Milford, Milford Police Department.**

14. Plaintiff began his employment with Defendant Milford on February 17, 2005, in the position of Police Officer.

15. On December 19, 2016, Plaintiff was involved in a vehicle accident while on duty. Following the accident, Plaintiff was sent to the hospital and diagnosed with high blood pressure which resulted in issues with his vision.

16. On January 18, 2017, Doctor Shalom Kelman performed optic nerve surgery on Plaintiff's right eye.

17. Following Plaintiff's surgery, he was placed on light duty.

18. On February 14, 2017, Plaintiff returned to Dr. Kelman for a follow-up appointment. Dr. Kelman performed an eye examination on Plaintiff. As a result of the examination, Dr. Kelman stated "at this point I feel the patient can return to full time. I will be sending a letter on his behalf to the police department."

19. Plaintiff provided Chief Kenneth Brown of the City of Milford, Milford Police Department, with Dr. Kelman's February 14, 2017, letter clearing him for full duty status.

20. Defendant failed to return Plaintiff to work.

21. Chief Brown then sent Plaintiff to the City of Milford's eye doctor, Dr. Joel Halpern, for a second opinion.

22. On March 2, 2017, Plaintiff was examined by Dr. Joel Halpern.

23. On March 9, 2017, Plaintiff was again examined by Dr. Halpern. Dr. Halpern stated to Plaintiff he was able to return to full duty.

24. Defendant Milford refused to return Plaintiff to work despite the fact Plaintiff was cleared to return to work by both Dr. Halpern and Dr. Kelman.

25. On March 29, 2017, Plaintiff scheduled a follow up appointment with Dr. Kelman. Dr. Kelman again cleared Plaintiff to return to work full time.

26. Despite the fact Plaintiff was cleared by two physicians to return to work, Chief Brown then sent Plaintiff to yet another doctor to be evaluated.

27. On July 17, 2017, Plaintiff was evaluated by Dr. Jason Moyer. Dr. Moyer did not provide an opinion on Plaintiff's condition or ability to return to work full duty.

28. Upon information and belief, Chief Brown contacted Dr. Gary Markowitz for a fourth opinion regarding Plaintiff's condition and ability to return to work.

29. Dr. Markowitz opined, without personally examining Plaintiff, he was not able to return to work full time.

30. On August 25, 2017, Chief Brown terminated Plaintiff's employment, even though he could perform the essential functions of his job.

## CLAIMS AND DAMAGES

Based upon the above allegations, Plaintiff maintains the following legal claims against Defendant:

### COUNT I
### Discrimination in Violation of the Americans with Disabilities Act and the Delaware Persons with Disabilities Employment Protections Act

31. The allegations of Paragraphs 1 through 30 are incorporated by reference as if fully restated herein.

32. Defendant Milford employs fifteen or more employees and is an "Employer" as defined by 42 U.S.C. § 12111(3).

33. Plaintiff is an "Employee" as defined by 42 U.S.C. § 12111(4).

34. Plaintiff is a "Qualified Individual" as defined by 42 U.S.C. § 12111(8).

35. Plaintiff received a Right to Sue letter from the DDOL on June 24, 2020 and a Right to Sue letter from the EEOC on September 28, 2020. Plaintiff has satisfied all statutory prerequisites for filing this action.

36. The Americans with Disabilities Act states "no covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

37. A "disability" is defined by the ADA as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of an individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

38. Plaintiff was qualified and able to perform the essential functions of a Police Officer with the City of Milford without any accommodations.

39. Plaintiff provided Defendant with two doctors notes clearing Plaintiff to return to full duty.

40. Defendant Milford regarded Plaintiff as disabled as defined by the ADA. 42 U.S.C. § 12102(2)(C).

41. Defendant Milford wrongfully terminated Plaintiff based on a perceived disability.

42. As a direct result of Defendant's actions, Plaintiff has suffered physical, emotional and economic damage as a result of the aforementioned conduct.

43. The effect of the practices complained of in the paragraphs above has deprived Plaintiff of equal employment opportunities.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court order the following relief in favor of Plaintiff:

A. Declare the conduct by Defendant to be in violation of Plaintiff's statutory rights and common law rights.

B. Award Plaintiff any and all consequential damages, including but not limited to lost wages, salary, employment benefits, back pay, front pay, pre and post judgement interest, equity, liquidated damages, and any or all pecuniary damages.

C. Award Plaintiff all compensation due as a result of Defendant's violations herein.

D. Award Plaintiff all compensatory damages, including those damages for emotional distress, humiliation and mental anguish.

E. Award Plaintiff an equal and additional amount as liquidated damages.

F. Award Plaintiff costs and reasonable attorney's fees.

G. Award Plaintiff pre and post judgment interest at the legal rate.

H. Any and all such other relief as the Court deems appropriate under the circumstances.

*{Signature Line on Following Page}*

                                      **ALLEN & ASSOCIATES**
                                      */s/ Michele D. Allen*
                                      Michele D. Allen (#4359)
                                      Emily A. Biffen (#6639)
                                      4250 Lancaster Pike, Suite 230
                                      Wilmington, DE 19805
                                      302-234-8600
                                      302-234-8602 (fax)
                                      michele@allenlaborlaw.com
                                      emily@allenlaborlaw.com
                                      *Attorneys for Plaintiff*

Dated: December 23, 2020