IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRANDON DODD, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 20-1761-LPS-CJB |
| CITY OF MILFORD, | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

WHEREAS, Magistrate Judge Burke issued a Report and Recommendation (the "Report") (D.I. 20) on February 22, 2022, recommending that the Court deny Defendant City of Milford's ("Defendant" or the "City") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (D.I. 5);

WHEREAS, on March 8, Defendant objected to the Report ("Objections" or "Objs.") (D.I. 21);

WHEREAS, on March 22, Plaintiff Brandon Dodd ("Plaintiff" or "Dodd") responded to Defendant's Objections ("Response" or "Resp.") (D.I. 24);

WHEREAS, the Court has considered the parties' objections and responses *de novo*, *see* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011);

**NOW THEREFORE, IT IS HEREBY ORDERED** that:

1. Defendant's Objections (D.I. 21) are **OVERRULED**, Judge Burke's Report (D.I. 20) is **ADOPTED**, and Defendant's motion (D.I. 5) is **DENIED**.

1

2. The Report outlines two separate bases for its recommendation that the Court deny Defendant's motion. Defendant objects only to the first basis: that it has not established its statute-of-limitations affirmative defense because it is not apparent on the face of the Complaint that Dodd's claims are time-barred.

3. As the Report explains, Dodd's Complaint alleges that he received a Right to Sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC") on September 28, 2020 and timely filed his Complaint on December 23, 2020, within 90 days of receiving the letter as required by 42 U.S.C. § 2000e-5(f)(1). Defendant argues Judge Burke improperly treats this letter as valid, despite having received contrary evidence. (*See* Objs. at 2) In particular, the City argues Judge Burke should have considered the exhibits attached to its opening brief in support of its motion – namely, a September 9, 2020 Right to Sue letter (D.I. 5-3 Ex. A), an email reflecting that said letter was sent to counsel for the parties on September 9, 2020 (*id.* Ex. B), and a January 12, 2021 Notice of Intent to Rescind the September 28, 2020 letter from the EEOC (*id.* Ex. C). (*See* Objs. at 2) Together, in the City's view, these documents establish that the September 9, 2020 letter is the only valid Right to Sue letter, and accordingly, absent some exception, Plaintiff's claims are time-barred. (*See id.* at 2-3)

4. As the Report notes, however, Defendant's assertions are premised on facts not referenced in Dodd's Complaint or the exhibits to it. Further, the Court agrees with the Report that the materials referenced in the City's exhibits do not fall under any of the categories of documents courts may consider on a Rule 12(b)(6) motion, such as a "document integral to or explicitly relied upon by the plaintiff in framing the pleading," an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document," matters "incorporated by reference or integral to the claim, items

2

subject to judicial notice, [and] matters of public record." *D.M. ex rel. Ray v. Phila. Housing Auth.*, 613 F. App'x 187, 189 n.6 (3d Cir. 2015) (internal citations and quotation marks omitted).

5. It is not clear from the face of the Complaint that Dodd or his counsel received the September 9, 2020 letter before they filed the Complaint, much less relied upon it in framing the pleading or based Dodd's claims on it.[1] Instead, the Complaint clearly relies on the September 28, 2020 letter. (*See* D.I. 1 ¶ 11 & Ex. B) The Court finds Dodd's reliance on that letter reasonable, as the EEOC had not yet issued its Notice purportedly rescinding it at the time he filed his Complaint. (*See* Resp. at 3-4)

6. For the foregoing reasons, the Report correctly concluded that it could not consider the contents of Defendant's exhibits and that there is no time bar "apparent on the face of [Plaintiff's C]omplaint." *Silla v. Holdings Acquisition Co. LP*, 2021 WL 4206169, at *1 (3d Cir. Sept. 16, 2021). Denial of Defendant's motion is, therefore, warranted.[2]

March 29, 2022
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES CIRCUIT JUDGE

---

[1] Dodd and his counsel allege they were unaware of the September 9, 2020 letter at the time they filed the Complaint. (*See, e.g.*, D.I. 6 at 2-3)

[2] The Court concludes that the Report did not err in declining to convert Defendant's motion into a summary judgment motion, as it appears Plaintiff did not have a reasonable opportunity to take discovery and present all material evidence relevant to the applicability of Defendant's affirmative defense.

3